1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CONTINENTAL CASUALTY
COMPANY,

                Plaintiff,

    v.

INVESCO REALTY ADVISORS,

                Defendant.
_____

INVESCO INSTITUTIONAL (N.A.), INC.
(successor to INVESCO REALTY
ADVISORS),

                Plaintiff,

    v.

CONTINENTAL CASUALTY
COMPANY,

                Defendant.
_____

CASE NO. C02-2339JLR

ORDER

CASE NO. C02-2561JLR

## I.   INTRODUCTION

This matter comes before the court on Defendant Vericlaim, Inc.'s ("Vericlaim") Motion for Summary Judgment (Dkt. # 93). Having reviewed the papers filed in support of and opposition to this motion, the court GRANTS in part and DENIES in part Vericlaim's motion.

ORDER – 1

## II.   BACKGROUND

On February 28, 2001, the Nisqually earthquake damaged several of Plaintiff Invesco Institutional (N.A.), Inc.'s ("Invesco") rental properties in Western Washington. Invesco reported the damage to its insurance provider, Defendant Continental Casualty Company ("Continental"), who hired Vericlaim to serve as the local claims adjuster. Continental and Invesco initiated separate actions against each other after disputes arose regarding the extent of damage caused by the earthquake and the claims handling process. The Honorable Marsha J. Pechman, the prior United States District Judge presiding over this matter, consolidated both actions and later realigned the parties when Continental amended its complaint to include claims against Vericlaim.  In August 2004, Continental and Invesco reached a settlement, leaving Continental's claims against Vericlaim relating to Invesco's Lakemont Orchard property as the only remaining claims in this action.

Continental alleges that Vericlaim mishandled the adjustment of Invesco's claims by failing to timely investigate them and communicate with it and Invesco.  According to a letter from Invesco's claims representative dated August 3, 2001, Vericlaim's local adjuster, Frank Morris, repeatedly failed to return Invesco's phone calls and respond to Invesco's claims submissions, including a May 2001 preliminary engineering report detailing the earthquake damage and letters addressing Invesco's lost rent claim.  Further, Mr. Morris allegedly told multiple Invesco representatives in March 2001 to refrain from repairing and renting damaged units at the Lakemont Orchard property until a structural engineer retained by Continental surveyed the damage.  Mr. Morris allegedly waited, however, four-and-a-half months to begin arranging such a visit (which ultimately occurred in late August 2001) until he received a letter from Invesco's claims representative threatening to contact Continental and have him removed for his "unconscionable and unprofessional" conduct.  In addition, Continental alleges that

Vericlaim failed to keep it apprised of Invesco's claims by neglecting to provide it with regular reports and to estimate the value of Invesco's lost rent claim.  Continental replaced Vericlaim in October 2001 and assumed handling Invesco's claims.

Vericlaim offers almost no evidence to dispute Continental's factual allegations.[1] Instead, Vericlaim focuses on Continental's conduct after its replacement, including Continental's refusal to fully satisfy Invesco's demand for nearly $650,000 in property repairs under the insurance policy.  Vericlaim notes that Invesco never filed suit against it, but instead filed suit against Continental alleging breach of fiduciary duty, breach of contract, and Washington Consumer Protection Act violations.  After receiving notice of Invesco's claims, Continental amended its complaint to include claims against Vericlaim, seeking indemnification for  Invesco's "extra-contractual damages" resulting from Vericlaim's alleged negligence and breach of contract "in failing to properly provide adjustment services to Continental."  Amended Compl., Dkt. # 26 at 4.  The Continental-Invesco settlement agreement, which Vericlaim became aware of after its execution, allocated $637,000 for Invesco's claims covered under the policy and $1,480,000 for Invesco's attorneys' fees and extra-contractual damages.

By filing the present motion, Vericlaim seeks summary judgment on the grounds that this court lacks diversity jurisdiction following the Invesco-Continental settlement. Although both Continental and Vericlaim are Illinois corporations, Judge Pechman previously rejected Vericlaim's attempt to dismiss this action for lack of diversity and realigned the parties to cure the jurisdictional defect.[2]  In the alternative, Vericlaim seeks

---

[1]Vericlaim's primary evidence to the contrary concerns when it notified Continental of Invesco's lost rent claim.

[2]Judge Pechman reasoned:
Although Continental was the first to file, the most appropriate 'plaintiff' in this case has always been Invesco.  Continental brought Vericlaim in for contribution purposes

ORDER – 3

partial summary judgment dismissing Continental's claims for implied indemnification

and attorneys' fees, and an order declaring that the terms of the settlement agreement are

not binding on Vericlaim.  Continental opposes summary judgment on both grounds.

## III.   DISCUSSION

### A.   Legal Standard

Summary judgment is appropriate when the moving party demonstrates that there

is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The party moving for summary

judgment "bears the initial responsibility of informing the district court of the basis for its

motion, and identifying those portions of 'the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any,' which it

believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial responsibility, the burden shifts to the non-

moving party to establish that a genuine issue as to any material fact exists.  Matsushita

Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Evidence

submitted by a party opposing summary judgment is presumed valid, and all reasonable

inferences that may be drawn from that evidence must be drawn in favor of the non-

moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The non-

moving party cannot simply rest on its allegation without any significant probative

---

. . . Vericlaim is not properly considered a "co-defendant" of Continental, as Invesco
has not brought a claim against Vericlaim, and apparently has no intention of doing
so, as evidenced by its response to this motion.  Order, Dkt. # 84 at 4.
Consequently, Judge Pechman characterized Vericlaim as a third-party defendant to an
impleader claim and held that diversity was not required, relying on United States v. United
Pacific Ins. Co., 472 F.2d 792, 793-94 (9th Cir. 1973).

ORDER – 4

evidence tending to support the complaint.  See U.A. Local 343 v. Nor-Cal Plumbing, Inc., 48 F.3d 1465, 1471 (9th Cir. 1995).  "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial."  Celotex, 477 U.S. at 322-23.

**B.    Supplemental Jurisdiction**

Vericlaim asks the court to decline exercising supplemental jurisdiction over Continental's claims against it given that the principal dispute providing the court with original jurisdiction has settled.  The court DENIES Vericlaim's request in the interests of judicial efficiency and will continue to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a).[3]  Hill v. Rolleri, 615 F.2d 886, 889 (9th Cir. 1980) (affirming district court's exercise of supplemental jurisdiction over third-party claim after the main action providing original jurisdiction settled).

**C.    Implied Indemnification**

Vericlaim argues that Continental's implied indemnification claim fails under Washington law and that Continental's proper cause of action is one for contribution. Given Continental's position that it is a non-joint tortfeasor and therefore lacks a right of contribution, the court will focus its inquiry solely on whether Continental's claim for implied indemnification exists.  Kottler v. State, 963 P.2d 834, 837 (Wash. 1998) ("joint and several liability is a prerequisite to a right to seek contribution").

The Washington Supreme Court established the availability of implied indemnification as a cause of action in Central Wash. Refrig., Inc. v. Barbee, 946 P.2d 760 (Wash. 1997).  See Fortune View Condo. Ass'n v. Fortune Star Dev. Co., 90 P.3d 1062, 1065 (Wash. 2004).  An implied indemnification claim provides a separate,

---

[3]The court notes that this case has been pending in this district since 2002.

ORDER – 5

equitable cause of action that "arises when one party incurs a liability the other party should discharge by virtue of the nature of the relationship between the two parties." <u>Barbee</u>, 946 P.2d at 762.  In <u>Barbee</u>, the court held that a contractual relationship between a buyer and seller under the Uniform Commercial Code, with its implied warranties, provides sufficient basis for an implied indemnity claim.  <u>Id</u>. at 764.

Following <u>Barbee</u>, the Washington Supreme Court has held that express warranties, including those made in advertising, provide a sufficient basis for an implied indemnity claim.  <u>Fortune View</u>, 90 P.3d at 1066.  Washington courts have consistently recognized that "the right to indemnity is not implicit in every contractual relationship." <u>E.g.</u>, <u>Urban Dev., Inc. v. Evergreen Bldg. Prods., LLC</u>, 59 P.3d 112, 116 (Wash. Ct. App. 2003).  To maintain a claim for implied indemnification, the "plaintiff must establish (1) injury to a party and that party's right to assert a cause of action against the defendant and (2) settlement of the injured party's claim by the plaintiff, who itself was legally obligated to pay that claim." <u>Donald B. Murphy Contractors v. King County</u>, 49 P.3d 912, 915 (Wash. Ct. App. 2002) (citing <u>In re New England Fish Co.</u>, 749 F.2d 1277, 1282 (9th Cir. 1980) (applying Washington law)).[4]

Here, Continental argues that Vericlaim had "a duty to act with care, diligence and skill" as its agent in handling Invesco's claims.[5]  Further, in supplemental briefing

---

[4]For reasons that are unclear, the <u>Murphy</u> court omitted the third element of an implied indemnification claim, "reasonableness of the amount paid in settlement." <u>In re New England Fish Co.</u>, 749 F.2d at 1282.

[5]Continental's reliance on an out-of-circuit case for this proposition is unpersuasive. Continental relies solely on <u>GAB Bus. Servs., Inc. v. Syndicate 627</u>, which neither considers Washington law nor treats implied indemnification as a separate, equitable cause of action. 809 F.2d 755, 759 (11th Cir. 1987) ("When a paid agent acts negligently so as to cause its principal to become liable to a third person, the principal may bring an action against the agent either in tort or for breach of contract.").  Thus, the court takes no guidance from this case.

ORDER – 6

ordered by the court, Continental claims that Vericlaim breached its implied duty of "good faith and fair dealing." Pl. Supp. Br. at 9. Continental fails, however, to cite any Washington authority adopting either principle as the basis for an implied indemnification claim.[6] In essence, Continental conflates three theories of recovery – negligence, breach of contract and implied indemnification. Yet, implied indemnification is a "separate equitable cause of action" and it is undisputed that Continental pled separate claims for both negligence and breach of contract. E.g., Barbee, 946 P.2d at 762.

Moreover, Continental makes no effort, in its opposition or supplemental briefing, to bring forth evidence satisfying the elements of an implied indemnification claim. Murphy, 49 P.3d at 915. For example, Continental fails to bring forth any evidence suggesting that Invesco had a right to assert a cause of action against Vericlaim. Id. Indeed, Invesco contracted with Continental only for an insurance policy and did not name Vericlaim as a defendant. Thus, Continental has failed to meet its burden on summary judgment and the court dismisses its implied indemnification claim. See Fed. R. Civ. P. 56(e) (requiring opposing party to "set forth specific facts showing that there is a genuine issue for trial"); Celotex, 477 U.S. at 322-23 ("a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial").

**D.     Attorneys' Fees**

Continental argues that it is entitled to recover Invesco's defense costs, as well as its own. In Washington, courts generally award attorneys' fees only when authorized by contract, statute, or equity. Barnett v. Buchan Baking Co., 738 P.2d 1056, 1058 (Wash.

---

[6]As a federal court sitting in diversity, the court declines to hold that such a basis exists under state law without clear case authority, particularly given that "the right to indemnity is not implicit in every contractual relationship." Urban Dev., 59 P.3d at 116.

1987).  Continental claims that both Invesco and Continental's litigation costs are recoverable in equity.  Given that Continental's claim for Invesco's litigation costs rests solely on its implied indemnification claim, which this court has held fails on summary judgment, the court dismisses Continental's claim for Invesco's attorneys' fees.

Continental's claim to recover its own defense costs rests on the so-called "ABC rule"  which provides an equitable right to attorneys' fees where (1) A's (Vericlaim) wrongful act or omission toward B (Continental) (2) exposes B to litigation with C (Invesco), and (3) C was not connected with the original wrongful act or omission of A toward B.  E.g., Thomas v. Gaertner, 784 P.2d 575, 577 (Wash. Ct. App. 1990).  A party may not recover attorneys' fees under the ABC theory if, "in addition to the wrongful act or omission of A, there are other reasons why B became involved in litigation with C." Tradewell Group, Inc. v. Mavis, 857 P.2d 1053, 1057 (Wash. Ct. App. 1993).

Here, despite Continental's arguments to the contrary, there are other reasons why Continental became involved in litigation with Invesco.  Even assuming on summary judgment that the majority of Invesco's complaints against Continental relate to Vericlaim's allegedly negligent and dilatory claims investigation, the fact remains that Continental refused to fully satisfy Invesco's demand for nearly $650,000 in estimated property repairs for its six Washington properties until well after litigation began.[7]  When Invesco filed suit against Continental, it sought declaratory and monetary relief relating to "Continental's obligation to pay past, present and future property damage."  Compl. at ¶¶ 47 , 49, 77.  It is undisputed that Vericlaim played no role in determining whether to provide or withhold coverage from Invesco.  Further, Continental has never claimed that

---

[7]Although Continental forwarded Invesco an advance payment of $450,000 in November 2001, it did not make any additional payments until after Invesco filed suit.

ORDER – 8

Vericlaim played a role in contributing to the losses incurred at Invesco's other five properties.  The court finds that Continental's failure to cover Invesco's property damage constitutes an additional reason why Invesco filed suit against it, beyond Vericlaim's alleged wrongs.  Thus, the court GRANTS Vericlaim's motion for summary judgment on this issue and holds that Continental is not entitled to its attorneys' fees under the equitable ABC rule.

**E.     Effect of the Settlement Agreement**

Vericlaim seeks a declaration from the court that the terms of the Invesco-Continental settlement agreement are not binding on it.  Specifically, Vericlaim seeks to prevent Continental from relying solely on its characterization of certain damages in the settlement agreement as "extra-contractual," arguing that Continental should be required at trial to present evidence of its actual damages.  In response, Continental mischaracterizes Vericlaim's request as asking the court to rule as a matter of law that the terms of the settlement agreement are unreasonable and suggests that "a proper determination regarding reasonableness must be made," despite the fact that the reasonableness requirement applies to contribution actions which Continental argues this is not.  Based on the record, the court finds that Continental may not merely rely on the characterization of certain damages as "extra-contractual" in the settlement agreement to prove its remaining breach of contract and negligence claims.  Rather, Continental must produce evidence at trial establishing that the alleged "extra-contractual" damages Invesco incurred (which Continental paid to settle) were indeed outside the terms of the policy.

ORDER – 9

1

## IV.   CONCLUSION

2      For the reasons stated above, the court GRANTS in part and DENIES in part

3  Defendant Vericlaim's Motion for Summary Judgment (Dkt. # 93).

4      Dated this 8th day of June, 2005.

5

6

7      _____

8      JAMES L. ROBART
       United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER – 10